# EXHIBIT A

**DASHEVSKY, HORWITZ, KUHN, NOVELLO AND SHORR, P.C.**
By: Alisha A. Nichols, Esquire
Attorney ID No.: 320560
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
P: (215) 546-4488, F: (215) 732-6220
Anichols@Dashevskylaw.com

THIS IS NOT AN ARBITRATION MATTER AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED

Filed and Attested by the Office of Judicial Records 24 AUG 2025 07:42 am B. BALILONIS

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **JACQUELINE FENNELL**<br><br>VS.<br><br>**WALMART, INC. and JOHN DOE** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>AUGUST TERM 2025<br><br>NO. |

# NOTICE TO PLEAD

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
Telephone: 215-238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaciòn. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomarà medidas y puede continuar la demanda en contra suya sin previo aviso o notificaciòn. Ademàs, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

**DASHEVSKY, HORWITZ, KUHN,**
**NOVELLO AND SHORR, P.C.**
By: Alisha A. Nichols, Esquire
Attorney ID No.: 320560
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
P: (215) 546-4488, F: (215) 732-6220
Anichols@Dashevskylaw.com

THIS IS NOT AN ARBITRATION MATTER AN ASSESMENT OF DAMAGES HEARING IS REQUIRED

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **JACQUELINE FENNELL**<br>126 Elmwood Avenue<br>Norwood, PA 19074<br><br>VS.<br><br>**WALMART, INC.**<br>1675 S Christopher Columbus Blvd.<br>Philadelphia, PA 19148<br><br>AND<br><br>**JOHN DOE** | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>AUGUST TERM 2025<br><br>NO. |

**PLAINTIFFS' CIVIL ACTION COMPLAINT**

1. Plaintiff, Jacqueline Fennell, is an individual who resides at the above captioned address.

2. Defendant, Wal-Mart, Inc. a business entity with a place of business located at the above captioned address.

3. Defendant, John Doe, fictitious name, pertains to an individual or business entity which is believed to be the contractor who was working, stocking, responsible for the area where Plaintiff was injured. Defendant has been designated as a John Doe, under Rule 2005 of the Pennsylvania Rules of Civil Procedure. Numerous letters of representation have been directed to the property's owner and/or their insurance company, but no response has been received. The defendant's, John Doe contractor, actual name is unknown to the plaintiff after having conducted

a reasonable search with due diligence, which search is ongoing to determine John Doe's identity. Upon determination of the identity of defendant John Doe owner and/or lessor, their appropriate legal names will be substituted for the identification of fictitious name John Doe.

4. At all times material and relevant hereto, defendants, Wal-Mart, Inc. and/or John Doe owned, occupied, leased, controlled, and/or maintained the premises located at 50 N. MacDade Blvd, Glenholden, PA 19036, more commonly known as Wal-Mart Store #5495.

5. At all times relevant and material hereto, defendants, Wal-Mart, Inc. and John Doe, by and through their agents, servants, workmen and/or employees had under their care and direction, the supervision, control, custody, repair and maintenance of the store and aisles located on the property and premises known as 50 N. MacDade Blvd, Glenholden, PA 19036.

6. On or about June 8, 2024, and at all times relevant and material hereto, it was the duty of the defendants, through their agents, servants, workmen and/or employees to keep and maintain the said aisles and area in a safe condition for the plaintiff and other business invitees proceeding thereon.

7. Notwithstanding this duty, defendants, did on the date aforesaid, and for some time prior thereto, carelessly and negligently keep and maintain the aforesaid store, aisles/area which was caused and permitted to be, become and remain in a highly dangerous and defective condition and the said premises was not safe for the use of plaintiff and other business invitees lawfully proceeding in the said premises.

8. On or about June, 8, 2024, while plaintiffs were lawfully a business invitee upon said premises known as Wal-Mart Store, when Plaintiff fell due to substance on the ground, as a result of which plaintiffs sustained serious personal injuries hereinafter more specifically set forth.

9. Plaintiffs aver that the defendants, by their agents, servants, workmen and/or employees had or should have had notice of the existence of the said dangerous and defective condition upon the premises mentioned prior to the happening of the said accident, and also may have created the said condition.

**COUNT I**
**Jacquelien Fennell v. Wal-Mart, Inc.**

10. At the time and place aforesaid, the carelessness and negligence of the defendants, and all of them, consisted of the following:

(a) Failing to maintain, clean, repair, and secure and keep the premises in a safe condition which would protect and safeguard persons lawfully thereon;

(b) Permitting the premises to remain in a defective condition so as to constitute a danger, menace and nuisance for persons lawfully proceeding on said premises;

(c) Failing to have inspected the premises in order to determine the condition of said premises;

(d) Failing to warn persons using said premises of the defective and dangerous condition;

(e) Failing to exercise due care under the circumstances;

(f) Failing to instruct their agents, servants, workmen and/or employees of the defendant, as to the proper maintenance, care and control of said aisle ways;

(g) Failing to instruct its employees as to the proper securing of the area;

(h) Violating the various ordinances and laws of the state, as to the maintenance, care and control and use of said areas;

i) Being otherwise negligent under the circumstances;

(j) Any other acts or omissions which constitute negligence, carelessness and/or reckless indifference for the safety of the plaintiff and that are discovered in the discovery process as promulgated by the Pennsylvania Rules of Civil Procedure.

11. As a direct result of the defendants' carelessness and negligence as aforesaid, plaintiff sustained internal and external injuries in and about the head, body and limbs, all of which have caused her and will continue to cause her pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her financial damage and loss.

12. Further, by reason of the aforesaid, plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of his said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

13. As a further result of the accident and the injuries sustained therein, plaintiff has and may suffer a severe loss of earnings and/or impairment of her earning capacity and power, all of which has been and will continue to be to her great financial damage and loss.

14. Further, as a result of the accident, plaintiff has and/or may hereinafter incur additional expenses, all to his great financial damage and loss.

WHEREFORE, plaintiff, Jacqueline Fennell, demands judgment against the defendants, Wal-Mart, Inc. and John Doe, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**COUNT II**
**Jacquelien Fennell v. John Doe**

15. At the time and place aforesaid, the carelessness and negligence of the defendants, and all of them, consisted of the following:

(a) Failing to maintain, clean, repair, and secure and keep the premises in a safe condition which would protect and safeguard persons lawfully thereon;

(b) Permitting the premises to remain in a defective condition so as to constitute a danger, menace and nuisance for persons lawfully proceeding on said premises;

(c) Failing to have inspected the premises in order to determine the condition of said premises;

(d) Failing to warn persons using said premises of the defective and dangerous condition;

(e) Failing to exercise due care under the circumstances;

(f) Failing to instruct their agents, servants, workmen and/or employees of the defendant, as to the proper maintenance, care and control of said aisle ways;

(g) Failing to instruct its employees as to the proper securing of the area;

(h) Violating the various ordinances and laws of the state, as to the maintenance, care and control and use of said areas;

i) Being otherwise negligent under the circumstances;

(j) Any other acts or omissions which constitute negligence, carelessness and/or reckless indifference for the safety of the plaintiff and that are discovered in the discovery process as promulgated by the Pennsylvania Rules of Civil Procedure.

16. As a direct result of the defendants' carelessness and negligence as aforesaid, plaintiff sustained internal and external injuries in and about the head, body and limbs, all of which have caused her and will continue to cause her pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her financial damage and loss.

17. Further, by reason of the aforesaid, plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

18. As a further result of the accident and the injuries sustained therein, plaintiff has and may suffer a severe loss of earnings and/or impairment of her earning capacity and power, all of which has been and will continue to be to her great financial damage and loss.

19. Further, as a result of the accident, plaintiff has and/or may hereinafter incur additional expenses, all to her great financial damage and loss.

WHEREFORE, plaintiff, Jacqueline Fennell, demands judgment against the defendants, Wal-Mart, Inc. and John Doe, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

**DASHEVSKY, HORWITZ, KUHN NOVELLO and SHORR, P.C.**

BY: *Alisha A. Nichols*
**ALISHA A. NICHOLS, ESQ.**
Attorney for Plaintiff

# VERIFICATION

I, Jacqueline Fennell , make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

DocuSigned by:
FFE72DDD93A0484...
Jacqueline Fennell

Dated: 8/27/25